1  Muriel B. Kaplan, Esq. (SBN 124607)
   Erica J. Russell, Esq. (SBN 274494)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   mkaplan@sjlawcorp.com
5  erussell@sjlawcorp.com

6  Attorneys for Plaintiffs,
   BAKERS HEALH AND WELFARE FUND, et al.

7

8                    UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  BAKERS HEALTH AND WELFARE FUND;        Case No.:
    JOINT BOARD OF TRUSTEES OF THE
11  BAKERS HEALTH AND WELFARE FUND;        COMPLAINT
    and JOSEPH BIRINGER, TRUSTEE,

12
        Plaintiffs,
13
          v.
14
    DICK'S BAKERY, INC., a California
15  Corporation,

16      Defendant.

17

18                            Parties

19      1.      The Bakers Health and Welfare Fund ("Welfare Fund") is an employee benefit plan

20  as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C.

21  § 1002(3).   The Joint Board of Trustees of the Welfare Fund is the Welfare Fund's named

22  fiduciary under ERISA § 402(a), 29 U.S.C. § 1002(a).  Joseph Biringer is a Trustee and fiduciary

23  of the Welfare Fund.  Together, Plaintiffs are referred to herein as the "Plaintiff Welfare Fund."

24      2.      Dick's Bakery, Inc. ("Defendant") is an employer by virtue of ERISA § 3(5), 29

25  U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

26                          Jurisdiction

27      3.      Jurisdiction exists in this Court over the claims asserted by the Plaintiff Welfare

28  Fund by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the Plaintiff Welfare Fund seeks to

                                                                        -1-
                                                                   COMPLAINT
                                                                   Case No.:

1  enforce the provisions of ERISA and the terms of the plan, seeks to enjoin the acts and practices
2  which violate ERISA, seeks equitable relief to redress such violations, and seeks all other
3  appropriate relief under ERISA.

4      4.      Jurisdiction exists in this Court over all the claims by virtue of Labor Management
5  Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the Plaintiff Welfare Fund seeks to
6  enforce the terms and conditions of a collective bargaining agreement between Defendant and a
7  labor organization (the "Union"). Jurisdiction is proper in this District in that the Union maintains
8  its principal office in this District and its authorized officers and agents are engaged in
9  representing or acting for its employee members in this District.

10     5.      To the extent jurisdiction over any claim does not exist under ERISA or the
11  LMRA, Supplemental Jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §
12  1367 in that they arise out of a common nucleus of operative facts that form the basis of the
13  federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

14                                          Venue

15     6.      Venue exists in this Court with respect to the claims under ERISA § 502 because
16  the Plaintiff Welfare Fund is administered within this district and the breach took place in this
17  district.

18     7.      Venue exists in this Court with respect to the claims under LMRA § 301(a) because
19  this Court has jurisdiction over the parties, as the Union maintains its principal place of business in
20  this district, its duly authorized officers or agents are engaged in representing employee members
21  in this district, and the claims arise in this district.

22                                  Intradistrict Assignment

23     8.      The basis for assignment of this action to this court's San Francisco Division is that
24  all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of San
25  Francisco, where the Plaintiff's Fund was administered during the period claimed herein, and
26  where Defendant therefore failed to fulfill its statutory and contractual obligations to the Plaintiff
27  Welfare Fund.

28     //

Bargaining Agreement

9.     The Union and Defendant entered into a collective bargaining agreement (the "Bargaining Agreement") requiring employer contributions to the Plaintiff Welfare Fund.   The Plaintiff Welfare Fund is a third party beneficiary of that Bargaining Agreement.

10.    Under the terms of said Bargaining Agreement and of the governing documents of the Plaintiff Welfare Fund, which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant was required to submit timely and accurate monthly reports of hours worked by its employees and to regularly pay to the Plaintiff Welfare Fund certain sums of money, including some which are deducted from the employees' wages, the amounts of which are determined by the hours worked by employees of Defendant, all as more fully set forth in said Bargaining Agreement.   In addition, under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Welfare Fund, Defendant agreed to pay liquidated damages for each delinquent contribution payment, together with interest on unpaid contributions at the rates set by the Bargaining Agreement from the day immediately following the date that each such payment became due, all as more fully set forth in said Bargaining Agreement.

Facts

11.    Defendant failed to pay contributions owing to the Plaintiff Welfare Fund for the months of July and August 2013 and failed to *timely* pay contributions every prior month for the time period from July 2011 through June 2013.

12.    Demand was made on Defendant on numerous occasions for payment of all amounts due to the Plaintiff Welfare Fund.  Defendant failed and refused to make payment of any liquidated damages or interest amounts due and claimed herein together with the two (2) months of unpaid contributions.

13.    Defendant has a statutory duty to make the required payments timely to the Plaintiff Welfare Fund under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments has violated the law.

14.    Defendant has a contractual duty under the Bargaining Agreement to timely report and pay contributions, liquidated damages and interest to the Plaintiff Welfare Fund, and by

-3-<br>COMPLAINT<br>Case No.:

1 | failing to make such timely payments has breached said duty.

2 | 15. Defendant has deducted amounts owing to the Plaintiff Welfare Fund from its
3 | employees' wages, but has withheld those payments from the Plaintiff Welfare Fund and,
4 | therefore, deprived its employees of health coverage to which they are contractually entitled.

5 | 16. Defendant's failure and refusal to timely submit the aforesaid payments was at all
6 | times, and still is, willful. Defendant's obligations pursuant to the Bargaining Agreement are
7 | continuing obligations; Defendant continues to breach said Bargaining Agreement by failing and
8 | refusing to timely pay monies due thereunder to the Plaintiff Welfare Fund. Plaintiff Welfare
9 | Fund is informed and believes, and therefore alleges, that Defendant will continue to willfully
10 | refuse to make said payments unless ordered by this Court to do so. Defendant's failure to timely
11 | report and make such payments in compliance with the Bargaining Agreement has reduced the
12 | corpus of the Plaintiff Welfare Fund, thereby impairing its ability to pay or provide benefits to
13 | members and beneficiaries and, as a result, causing harm to the Plaintiff Welfare Fund.

14 | 17. Plaintiff Welfare Fund is without an adequate remedy at law and will suffer
15 | continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to
16 | perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C.
17 | §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing
18 | documents of the Plaintiff Welfare Fund referred to therein, and are restrained from continuing to
19 | refuse to perform as required thereunder.

20 | Prayer

21 | WHEREFORE, Plaintiff Welfare Fund prays as follows:

22 | 1. For a judgment against Defendant as follows:

23 | a. For unpaid contributions for the months of July and August 2013, to the
24 | Plaintiff Welfare Fund, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section
25 | 1132(g)(2)(A) and the Bargaining Agreement;

26 | b. Liquidated damages on late paid and unpaid contributions in an amount
27 | provided for under the Bargaining Agreement and governing documents of the Plaintiff Welfare
28 | Fund and ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c); and

P:\CLIENTS\BAKER\CASES\DICKS BAKERY\Pleadings\Complaint (Revised).doc

1            c.     Interest on the late paid and unpaid contributions at the rates set in

2 accordance with the Bargaining Agreement, the governing documents of the Plaintiff Welfare

3 Fund and ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B).

4          2.     For any additional contributions payable to the Plaintiff Welfare Fund at time of

5 judgment, plus interest and liquidated damages as above provided and in accordance with the

6 Bargaining Agreement, the governing documents of the Plaintiff Welfare Fund, and ERISA

7 Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

8          3.     Plaintiff Welfare Fund's reasonable attorneys' fees and costs of this action in

9 accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); reasonable attorneys' fees and

10 costs in accordance with the Bargaining Agreement and with LMRA Section 301, 29 U.S.C. § 185

11 for Plaintiff Welfare Fund.

12          4.     For an order enjoining Defendant from violating the terms of the Bargaining

13 Agreement and the governing documents referred to therein.

14          5.     That the Court retain jurisdiction of this case pending compliance with its orders.

15          6.     For such other and further relief as the Court may deem just and proper.

16 Dated: October 3, 2013                   SALTZMAN & JOHNSON
                                      LAW CORPORATION

17

18                           By:                                
                                Erica J. Russell

19                                 Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

-5-
**COMPLAINT**
Case No.: